UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Do Denim, LLC,

                           Plaintiff,

-against-

E.K. Denim Group, Inc.,

                           Defendant.

--------------------------------------------------------X

08 Civ. 6518
(PKC)

**AFFIRMATION IN SUPPORT
OF MOTION FOR DEFAULT
JUDGMENT**

Daniel Zohny, an attorney duly admitted to practice law in the State of New York and the United States District Court for the Southern District, affirms under penalty of perjury as follows:

1.      I am a member of the Bar of this Court and am associated with the firm of Robinson Brog Leinwand Greene Genovese & Gluck, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2.      I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Rules for the Southern District of New York, in support of plaintiff Do Denim, LLC ("Plaintiff") application for the entry of a default judgment against defendant E.K. Denim Group, Inc. ("Defendant").

3.      This is an action for a permanent injunction and to recover damages owed by Defendant to Plaintiff for unfair competition as to trade dress under the Lanham Act, dilution under federal and New York State law and unfair and deceptive trade practices under New York State law.

4.      This Court has subject matter jurisdiction under § 39 of the Lanham Act, 15 US.C. § 1121, and under 28 US.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 US.C. §§ 1338 and 1367.

5.   This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made or established contacts with this State, sufficient to permit the exercise of personal jurisdiction.  This District is a proper venue pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

6.   Defendant is not an infant or incompetent.

7.   This action was commenced on July 22, 2008 by the filing of the summons and complaint.  See Exhibit "A," attached hereto.

8.   A copy of the summons and complaint was served on Defendant on July 25, 2008 by personal service on Mr. Herrera, a manager authorized by appointment to accept service upon Defendant.  See Exhibit "B," attached hereto.

9.   Proof of service regarding Defendant was filed with the Court on July 30, 2008.  See Exhibit "C," attached hereto.

10.   Defendant has not answered the complaint and the time for Defendant to answer the complaint has expired.

WHEREFORE, plaintiff respectfully requests his motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure awarding the plaintiff a permanent injunction, monetary damages in an amount to be determined by the Court, costs and disbursement, including reasonable attorneys' fees, in an amount to be

{00400341.DOC;1}

determined by the Court, and for such other and further relief as the Court deems just and proper to be granted.

       Dated: New York, New York
              September 2 , 2008

                                         Daniel Zohny (DZ7311)

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

*JUDGE CASTEL*

--------------------------------------------------------X

DO DENIM , LLC,

                              Plaintiff,

        -against-

E.K. Denim Group Inc.,

                           Defendant.

--------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

Case Number:

**'08 CIV 6518**

**SIRS:**

       **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this court and

serve upon:

       Plaintiff's Attorneys: ROBINSON BROG LEINWAND GREENE
                            GENOVESE & GLUCK, P.C.
                            Robert A. Schachter
                            1345 Avenue of the Americas
                            31st Floor
                            New York, NY 10105
                            Tel: 212.603.6300
                            Fax: 212.956.2164

An answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

*JUL 22 2008*

Clerk
**J. MICHAEL McMAHON**

By Deputy Clerk

Date

{00395456.DOC;1}

11

JUDGE CASTEL

Robert A. Schachter
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.
1345 Avenue of the Americas
31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*



'08 CIV 6518

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DO DENIM, LLC,

                                        Plaintiff,

        -against-

E.K. Denim Group Inc.,

                                        Defendant.
------------------------------------------------------------X

06 Civ. _____

COMPLAINT

Jury Trial Demanded

        Plaintiff, DO DENIM, LLC (hereinafter "Plaintiff"), by its attorneys, Robinson Brog

Leinwand Greene Genovese & Gluck, P.C., complaining of the above named Defendant E.K.

DENIM GROUP, INC. (hereinafter "Defendant") alleges as follows:

### NATURE OF THE CASE

        1.      This is an action at law and in equity for trademark infringement and dilution,

injury to business reputation, unfair competition and deceptive trade practices, arising under the

Trademark Act of 1946, 15 US.C. §§ 1051 *et seq.* (1994) ("Lanham Act"); the anti-dilution laws

of the State of New York, the fair business practices and unfair and deceptive trade practices act

of the State of New York, and the common law.

        2.      Defendant is offering for sale and selling jeans apparel that bears confusingly

similar imitations of Plaintiff's Trade Dress. Defendant's jeans apparel is not manufactured by

{00395456.DOC;1}                              1

Plaintiff, nor is Defendant connected or affiliated with, or authorized by, Plaintiff in any way. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of Plaintiff's mark and trade dress.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made or established contacts with this State, sufficient to permit the exercise of personal jurisdiction.  This District is a proper venue pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

4.     At all relevant times herein, Plaintiff Do Denim, LLC has been and remains a domestic limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 231 West 39th Street, Suite 402, New York, New York 10018.

5.     Upon information and belief, at all relevant times herein, Defendant E.K. Denim Group, Inc. has been and remains a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 1407 Broadway, New York, New York 10018.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.      Plaintiff is a well-established lifestyle apparel company that has successfully positioned itself in the market of jeans apparel. Do Denim, since its inception in 2004, designs, manufactures and markets, jeans with distinctive designs.

7.      Upon information and belief, Defendant is a retailer that is distributing, offering for sale and selling goods in interstate commerce that bear a confusingly similar imitation of Plaintiff's trade dress in the denim jeans, Style Nos."MJ0151," "MJ0200," and "MJ011" (the "Trade Dress"). Pictures of the Trade Dress are attached hereto as Exhibits "A" to "C."

8.      Since its introduction in 2004, the Trade Dress has been very successful in the marketplace.

9.      Plaintiff has made substantial investments in connection with the designing, developing and marketing of the Trade Dress and directing and indirectly has incurred significant expenses of advertising of the Trade Dress.

10.     Plaintiff has sold thousands of units nationally and internationally featuring the Trade Dress since the inception of the Trade Dress.

11.     The goods distributed, offered for sale and sold by Defendant are not manufactured by Plaintiff, nor is Defendant associated or connected with Plaintiff, or licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

12.     Plaintiff used the Trade Dress extensively and continuously before Defendant began using confusingly similar imitations of Plaintiff's jeans apparel.

13.     The goods sold by Defendant are similar to and compete with goods sold by Plaintiff, and are sold through overlapping channels of trade. In particular, Defendant has

identified Plaintiff's customer base and has intentionally solicited sales to them at prices less than the price charged by Plaintiff.

14.    Defendant's use of confusingly similar imitations of Plaintiffs' Trade Dress is likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that jeans apparel sold by Defendant is manufactured by, authorized by or in some manner associated with Plaintiffs, which it is not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Plaintiff's Trade Dress is causing irreparable harm to the goodwill symbolized by the Trade Dress and the reputation for quality that they embody.

15.    Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers and others, viewing Defendant's jeans apparel at the point of sale or on a wearer are likely -- due to Defendant's use of confusingly similar imitations of the Trade Dress -- to mistakenly attribute the product to Plaintiff. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the Trade Dress, and the reputation for quality that they embody.

16.    Upon information and belief, Defendant continues to use confusingly similar imitations of Plaintiff's Trade Dress in connection with the sale of products that are directly competitive to those offered by Plaintiff. Defendant began selling these imitations well after Plaintiff established protectable rights to its Trade Dress.

17.    Upon information and belief, Defendant knowingly, willfully, intentionally and maliciously, adopted and used confusingly similar imitations of Plaintiffs' Trade Dress.

## FIRST CLAIM FOR RELIEF

## <u>FEDERAL UNFAIR COMPETITION AS TO TRADE DRESS</u>

18.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 17.

19.    Plaintiff's Trade Dress has acquired secondary meaning.

20.    Defendant's use of knockoff duplicates or confusingly similar imitations of Plaintiff's Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

21.    Defendant has made false representations, false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Trade Dress, for which Plaintiff has no adequate remedy at law.

22.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress to the great and irreparable injury of Plaintiff.

23.    Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## SECOND CLAIM FOR RELIEF

## FEDERAL DILUTION AS TO TRADE DRESS

24.    Plaintiff repeat and incorporates by reference the allegations in paragraphs 1 through 23

25.    Plaintiff have extensively and continuously promoted and used the Trade Dress both in the United States and throughout the world, and the Trade Dress has thereby become a famous and well-known indicator of the origin Plaintiff's goods.

26.    Defendant is making commercial use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress, and otherwise lessening the capacity of the Trade Dress to identify and distinguish goods and services.

27.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress or to cause dilution of the Trade Dress, to the great and irreparable injury of Plaintiff.

28.    Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of 15 U.S.C. § 1125(c), and Plaintiff therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

### THIRD CLAIM FOR RELIEF

### DILUTION UNDER NEW YORK STATE LAW

29.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28

30.    Plaintiff has extensively and continuously promoted and used the Trade Dress in the United States and throughout the world, and the trade dress has become a distinctive, famous and well-known symbol of Plaintiff's goods and services.

31.    Defendant's unauthorized use of Plaintiff's Trade Dress dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress.

32.    Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of the N.Y. Gen. Business Law § 360-l (McKinney 1996).

### FOURTH CLAIM FOR RELIEF

### UNFAIR AND DECEPTIVE TRADE PRACTICES

33.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 32.

34.    Defendant has been and is passing off its goods as those of Plaintiff, causing the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of

Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with another, and otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of and the unfair and deceptive trade New York, Gen. Bus. L. § 349 (McKinney 1988); Defendant's unauthorized use of confusingly similar imitations of Plaintiff's Trade Dress has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

WHEREFORE, DO DENIM , LLC, prays that:

1.    Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, should be enjoined permanently, from:

a.    using the Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's Trade Dress on or in connection with Defendant's goods or services;

b.    using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiff;

c.    using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are

produced or provided by Plaintiff, or are sponsored or authorized by or in any way connected or related to Plaintiff;

           d.      using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiff; and

           e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

           2.      Defendant should be ordered to recall all products bearing the Trade Dress or any other confusingly similar mark, which have been shipped by Defendant or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

           3.      Defendant should be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Plaintiff's trademarks or trade dress or that otherwise unfairly compete with Plaintiff and their products and services; Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

           4.      Plaintiff should be awarded all damages caused by the acts forming the basis of this Complaint;

5. Based on Defendant's knowing and intentional use of confusingly similar imitations of Plaintiff, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6. Defendant should be required to pay to Plaintiff, the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S. C. § 1117(a), the Agreement, and the state statutes cited in this Complaint;

7. Based on Defendant's willful and deliberate infringement and dilution of Plaintiff's marks and trade dress, and to deter such conduct in the future, Plaintiff should be awarded punitive damages; and

8. Plaintiff have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      July 22, 2008

Respectfully submitted,

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.

Robert A. Schachter
1345 Avenue of the Americas, 31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

EXHIBIT "A"



EXHIBIT "B"

EXHIBIT "C"



# EXHIBIT "B"

**DLS**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DO DENIM, LLC,

                Plaintiff,

      -against-

E.K. DENIM GROUP INC.,

                Defendant.
-------------------------------------------------------------X
STATE OF NEW YORK  )
                S.S.:
COUNTY OF NEW YORK)

Case No. 08 CIV 6518
(Judge Castel)

AFFIDAVIT OF SERVICE

      DARRYL GREEN, being duly sworn, deposes and says that he is over the age of eighteen

years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

      That on the 25th day of July, 2008, at approximately 2:14 PM, deponent served a true copy

of the SUMMONS IN A CIVIL ACTION; COMPLAINT; RULE 7.1 STATEMENT; AND CIVIL

COVER SHEET upon E.K. DENIM GROUP INC. at Ha Nesso Jeans, 149 West 36th Street, New York,

NY, by personally delivering and leaving the same with MR. HERREA, who informed deponent that he

is a Manager authorized by appointment to receive service at that address.

      MR. HERREA is a tan (Hispanic) male, approximately 35 years of age, stands

approximately 5 feet 8 inches tall, weighs approximately 180 pounds with black hair and brown eyes.


DARRYL GREEN
#0866535


Sworn to before me this
29th day of July, 2008

NOTARY PUBLIC

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

# EXHIBIT "C"

ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-06518-PKC

DO Denim, LLC v. E.K. Denim Group Inc
Assigned to: Judge P. Kevin Castel
Cause: 15:1051 Trademark Infringement

Date Filed: 07/22/2008
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**DO Denim, LLC**

represented by **Robert A. Schachter**
Robinson Brog Leinwand Greene Genovese
& Gluck PC
1345 Avenue of the Americas-31st Floor
New York, NY 10105
(212) 603-6300
Fax: (212) 956-2164
Email: ras@robinsonbrog.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**E.K. Denim Group Inc**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2008 | 1 | COMPLAINT against E.K. Denim Group Inc. (Filing Fee $ 350.00, Receipt Number 657430) Document filed by DO Denim, LLC.(rdz) (Entered: 07/24/2008) |
| 07/22/2008 | | SUMMONS ISSUED as to E.K. Denim Group Inc. (rdz) (Entered: 07/24/2008) |
| 07/22/2008 | | Magistrate Judge Frank Mass is so designated. (rdz) (Entered: 07/24/2008) |
| 07/22/2008 | | Case Designated ECF. (rdz) (Entered: 07/24/2008) |
| 07/22/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by DO Denim, LLC.(rdz) (Entered: 07/24/2008) |
| 07/22/2008 | | Mailed notice to Commissioner of Patents and Trademarks to report the filing of this action. (rdz) (Entered: 07/24/2008) |
| 07/30/2008 | 3 | AFFIDAVIT OF SERVICE. E.K. Denim Group Inc served on 7/25/2008, answer due 8/14/2008. Service was accepted by Mr. Herrea, Manager. Document filed by DO Denim, LLC. (Schachter, Robert) (Entered: 07/30/2008) |
| 08/04/2008 | 4 | ORDER FOR INITIAL PRETRIAL CONFERENCE: Initial Conference set for 9/26/2008 at 11:15 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge P. Kevin Castel. (Signed by Judge P. Kevin Castel on 8/4/08) (mme) (Entered: 08/04/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/18/2008 16:55:32 | | | |
| **PACER Login:** | rb2609 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-06518-PKC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |